

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,709

### EX PARTE MARK GREEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-10-904077-B IN THE 299TH JUDICIAL DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest and sentenced to six years' imprisonment.

Applicant contends that his appellate counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Trial counsel have provided affidavits indicating that they believed that appellate counsel had already been appointed, and that they therefore did not believe it was appropriate to file notice of appeal. Appointed appellate counsel has provided an affidavit

stating that he erroneously believed that a motion for new trial had been filed in this case, and that his notice of appeal was therefore timely filed. Applicant's appeal was dismissed for want of jurisdiction, because the notice of appeal was untimely.

The trial court has determined that appellate counsel failed to file a timely notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. D-1-DC-10-904077-B from the 299th Judicial District Court of Travis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 11, 2012
Do Not Publish